DENNIS DOHERTY *vs.* GEORGE BUCHANAN.

Suffolk.   January 12, 1899. — May 18, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Mandamus — Appointment by Mayor of Member of Board of Health without Confirmation of City Council.*

The mayor of Woburn, under the revised charter of the city, St. 1897, c. 172, can make a valid appointment of a member of the board of health without the confirmation of the city council.

PETITION, filed June 28, 1898, and amended September 17, 1898, for a writ of mandamus to compel the respondent to cease to act as a member of the board of health of the city of Woburn, and not in any way to interfere with the petitioner in the performance of his duties as a member of that board.

The respondent demurred to the petition, assigning as the last ground therefor that the office was not one "requiring appointment thereto to be confirmed by the city council of said city, the appointment to said office being otherwise provided for in the charter of said city."

Hearing before *Lathrop*, J., who sustained the demurrer, and, at the request of the petitioner and with the consent of the respondent, reported the case for the consideration of the full court.

*J. W. Johnson,* for the petitioner.

*F. P. Curran,* for the respondent, submitted the case on a brief.

KNOWLTON, J.   The principal question in this case is whether the mayor of Woburn, under St. 1897, c. 172, which is the revised charter of the city, can effectually appoint a member of the board of health without the confirmation of the city council.

The first part of § 32 of this chapter is as follows: " There shall be the following administrative officers, who shall be appointed by the mayor, except as is herein otherwise provided," etc. Then comes a list of ten officers and boards of officers, of which the seventh is referred to in these words: " A board of health, under the provisions of chapter eighty of the Public Statutes, and acts in amendment thereof." As to some of these officers it is provided that the appointment shall be " by the mayor, subject to confirmation by the city council." But there is no provision in regard to the manner of appointment of the board of health except the general provision which we have quoted above. This language seems to show that the appointment is to be by the mayor alone. The general tenor of the statute confirms the natural interpretation of this provision. The act creates fifteen aldermen who constitute the city council, and are designated as the legislative department. Under the title " Executive Department," it declares that " the executive powers of the city shall be vested solely in the mayor, and may be exercised by him either personally or through the several officers and boards of the city in their departments, under his general supervision and control." It also creates certain administrative officers and boards. By creating the city council, which is the legislative department, and depriving the aldermen of executive powers, it indicates a purpose to leave the mayor to make appointments independently, except where it is otherwise expressly provided.

It is contended by the petitioner that the reference to chapter eighty of the Public Statutes and the amendatory acts makes appointments to the board of health subject to confirmation or rejection by the board of aldermen. We do not so construe the statute. The amendatory act touching appointments which was in force when the charter was revised is the St. of 1895, c. 332, which repeals Pub. Sts. c. 80, § 8. The reference to this statute is not to show how or by whom appointments shall be made, but to show the nature and effect of the appointments when made. The St. of 1895, c. 332, begins with these words: " In each city, except Boston, there shall be appointed by the mayor subject to confirmation or rejection by the board of aldermen, except where other provision is made in the city charter, a board of health," etc. If there is

other provision in regard to appointment in the city charter, then the appointment is not to be subject to confirmation or rejection by the board of aldermen. In the present case, there is other provision in the city charter, and this provision of the former statute in regard to the mode of appointment is not applicable. There is no board of aldermen in Woburn with powers and duties like those referred to in this chapter, and it is expressly declared that the appointment of such officers as these is to be by the mayor, in the absence of a special provision in the charter to the contrary. There is no provision to the contrary in the charter, and the mayor could appoint without confirmation by the city council.

The respondent's demurrer is therefore sustained on the last ground. We do not deem it necessary to decide the question whether the petitioner could prevail on the petition in its present form if his view of the law were correct. Although contrary to the general practice elsewhere, the right to a public office has sometimes been determined incidentally and relief granted in this Commonwealth upon a petition for a writ of mandamus; but we know of no case where a writ has been issued simply to command one to refrain from attempting to act as a public officer, which is the only purpose for which the writ is asked in the present case. See *Luce* v. *Board of Examiners*, 153 Mass. 108; *Keough* v. *Holyoke*, 156 Mass. 403; *Russell* v. *Wellington*, 157 Mass. 100.       *Demurrer sustained, and petition dismissed.*