ATTORNEY GENERAL *vs.* CHARLES H. LOOMIS.

Suffolk.   October 19, 1916. — December 27, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Medford.   Municipal Corporations.   City Clerk.   Quo Warranto.   Attorney General.*

The city of Medford accepted St. 1901, c. 332, (now R. L. c. 26, § 15,) by the provisions of which a city clerk was to be elected or appointed every third year after 1902, namely, in 1905, 1908, 1911, 1914 and 1917, as required by the charter of that city, "to hold this office for three years from the day of his election or appointment." The revised charter of Medford, contained in St. 1903, c. 345, provides in § 10 that "The board of aldermen shall elect, according to law, a

city clerk, who shall hold office for the term of his election and until his successor is elected and qualified" and makes no change in the term of the election or the term of office. R. L. c. 26, § 15, contains the provision, "A person who is appointed to fill a vacancy in the office of city clerk shall hold the office until the end of the unexpired term of the person who last held the office." A city clerk was elected by the board of aldermen of Medford to fill an unexpired term which ended in January, 1917. In January, 1916, the board of aldermen undertook by the form of an election to elect another person city clerk. *Held,* that the proceeding which purported to be such election of a new city clerk was void, there being no vacancy in the office, and that in spite of such proceeding the city clerk previously elected was entitled to hold his office for the remainder of the term then unexpired.

An information by the Attorney General in the nature of a quo warranto under R. L. c. 192, § 12, is the appropriate process for ousting from an office one who holds it *de facto* but not *de jure.*

INFORMATION, filed on March 9, 1916, by the Attorney General under R. L. c. 192, § 12, in the nature of a quo warranto, praying that Charles H. Loomis be ordered to show by what warrant of authority he occupies the office of city clerk of Medford.

The case came on to be heard by *Pierce,* J., who reserved it upon the information and the answer of the defendant, without the exhibits, for determination by the full court.

*F. W. Kaan,* (*F. W. K. Smith* with him,) for the plaintiff.

*W. J. Miller,* (*G. C. Scott* with him,) for the defendant.

RUGG, C. J. This is an information in the nature of a quo warranto requiring the defendant to show by what title he holds the office of city clerk of the city of Medford. The case comes before us by reservation on information and answer. · All the allegations of material facts not traversed by either party must be assumed to be true.

Before the first Monday of January, 1904, the city of Medford had accepted St. 1901, c. 332, now R. L. c. 26, § 15. That statute established the term of office for the city clerk in all cities which accepted its provisions. That term, so far as applicable to the city of Medford, (which never has elected a city clerk in December) was in these words: "In the year nineteen hundred and two, and in every third year thereafter . . . a city clerk shall be elected or appointed, as required by the charter of said city, for a term of three years from the date of his election or appointment. . . . Such clerk shall hold his office until the election or appointment and qualification of his successor, unless sooner removed by due process of law. A person who is appointed to

fill a vacancy in the office of city clerk shall hold office until the end of the unexpired term of the person who last held the office." As matter of construction, that section, if it has continued applicable, means that a city clerk ought to be elected in Medford in 1902, and every third year thereafter, namely, in 1905, 1908, 1911, 1914 and 1917.

R. L. c. 26, § 15, was in effect in Medford when St. 1903, c. 345, which was the revised charter of the city of Medford, took full effect on the first Monday in January, 1904. The only provisions of that charter relating directly or indirectly to the office of city clerk are found in §§ 10, 53 and 56. Section 10, so far as concerns city clerk, is in these words: ". . . The board of aldermen shall elect, according to law, a city clerk, who shall hold office for the term of his election and until his successor is elected and qualified. . . . In case of a vacancy in the office the same shall be filled by the board of aldermen . . . ." That section does not fix any term for the office of city clerk. It simply provides that the person elected "shall hold office for the term of his election." If that section stood alone, it would be necessary to look to the general law to ascertain the term of office of city clerk, and the term of his office would be governed by R. L. c. 26, § 15, above quoted.

Section 53 of the charter is in these words: "All persons holding office in said city at the time when this act takes effect . . . shall continue to hold such offices until the organization of the city government as hereby authorized shall be effected and until their respective successors shall be chosen and qualified." Manifestly that section fixes no term for any office. It simply defines the end of the period of service for those holding city offices at the time the city charter takes effect.

Section 56 of the charter is in these words: "All general laws in force in the city of Medford when this act is accepted as herein provided, and all special laws heretofore passed with reference to the town or city of Medford, which shall have been duly accepted by said town or city, and which shall then be in force, shall, until altered, amended or repealed, continue in force in the city of Medford." Clearly this section establishes no term for any office except that it incorporates by necessary implication the term of office of city clerk as fixed by St. 1901, c. 332, now R. L. c. 26,

§ 15, for the reason that that statute was one of the general laws which had "been duly accepted by said . . . city."

The conclusion seems to us irresistible that, throughout the period under review, R. L. c. 26, § 15 governs the term of office of city clerk in Medford. The effect of § 53 of the charter was simply to provide that when it went into effect, namely, on the first Monday of January, 1904, all the offices should become vacant and that the newly organized city government should have the power to elect new officers, including a city clerk. But, so far as the city clerk is concerned, no provision is made for any change in his term of office. Such a sweep out of office wrought by the express terms of the city charter is an instance of the clerk being "sooner removed by due process of law" within the meaning of those words in R. L. c. 26, § 15. But the effect of the new city charter was not to abolish the office of city clerk or to change its term. It merely gave the new city government opportunity to elect a new city clerk who, according to the terms of § 10 of the charter (St. 1903, c. 345), should "hold office for the term of his election." Looking to R. L. c. 26, § 15, where alone one can look to determine "the term of his election," it is found that it must be until the beginning of the next three year term as ascertained by the computation of periods of three years from 1902. This follows inevitably from the final sentence of said § 15, namely: "A person who is appointed to fill a vacancy in the office of city clerk shall hold the office until the end of the unexpired term of the person who last held the office." The end of the unexpired term of the last person who held the office of city clerk when the new incumbent was elected under the new city charter in January, 1904, was January, 1905, that is, three years from January, 1902.

It is not necessary to consider what may be the effect of that part of R. L. c. 26, § 15, which requires the election of city clerk to be held "in the year nineteen hundred and two, and in every third year thereafter," if it should ever come in conflict with the concluding words of the same sentence, "for a term of three years from the day of his election or appointment." There is no conflict in the case at bar. The present phrase of that section is designed to harmonize and be consistent with the varying provisions as to the date for the election or appointment of the city clerk, to be found in different city charters. While in many, per-

haps in most, cities the municipal year begins in January and city clerks are to be elected or appointed in that month, that is by no means universal. For example, in Leominster he is to be selected in February, St. 1915, c. 338, §§ 10, 11, and in Boston in May, St. 1909, c. 486, §§ 9, 13. When a time is fixed by statute for the election or appointment of an officer, it is to be presumed that the election or appointment will be made according to law, although such provision may be directory rather than mandatory, and the statute as a whole is to be construed on that presumption. The year in which the election or appointment of a city clerk must be held or made is fixed in definite and specific terms by R. L. c. 26, § 15, for all cities to which it is applicable. The month of the year only is left flexible. If it were necessary to decide the point, it might be that the concluding words of the first sentence of § 15 of R. L. c. 26, viz.: "for a term of three years from the day of his election or appointment," would be held to mean from the day when by law he is required to be elected or appointed. But that point is not now involved.

This interpretation of the statutes was not followed in the city of Medford. One Joyce, holding the office of city clerk in 1902, was elected in 1904 in form for a term of three years and by successive elections until he vacated the office in September, 1914. We do not intimate that there is reason to question the validity of the service of Joyce as city clerk. In December, 1914, one Winslow was duly elected city clerk "for the expiration of the unexpired term." The term then existing under R. L. c. 26, § 15, was the three year period from January, 1914, to January, 1917. When the form of election was held by the aldermen of Medford in January, 1916, whereby the defendant claims to hold the office of city clerk, there was no vacancy. Winslow was still holding the office by virtue of his election of December, 1914, for the remainder of a term, which would not expire until January, 1917. It follows that the defendant is not entitled to the office.

Since he is holding *de facto* but not *de jure* an office to which another is entitled, this is the appropriate process to oust him from the office to which he has no legal title. R. L. c. 192, § 12. *Attorney General v. Simonds,* 111 Mass. 256. *Commonwealth v. Allen,* 128 Mass. 308.

*Judgment of ouster to issue.*