CHARLES E. SEVIGNY *vs.* WILLIAM B. RUSSELL & others.

Bristol. March 22, 1927.— June 29, 1927.

Present: RUGG, C.J., PIERCE, WAIT, & SANDERSON, JJ.

*Mandamus. Quo Warranto. Public Officer.*

A petition for a writ of mandamus is not the proper process by which to try the title to a public office which the petitioner does not claim for himself.

*It seems* that the proper process by which to try the title to a public office, except in those cases where a private person claims the office, is by an information by the Attorney General in the nature of a quo warranto.

PETITION, filed in the Supreme Judicial Court for the county of Bristol on January 20, 1927, and afterwards amended, for a writ of mandamus.

The petition was heard by *Carroll,* J., and was denied. The petitioner alleged exceptions.

*J. W. Cummings,* (*J. T. Farrell* with him,) for the petitioner.

*A. E. Seagrave,* for the respondents.

RUGG, C.J. This is a petition for a writ of mandamus. The petitioner is a citizen and taxpayer of the city of Fall River. He seeks by this proceeding to have declared illegal the election of the respondent Russell as a member of the board of aldermen of the city of Fall River. He makes no claim to that office himself. "The use of the writ of mandamus to try the title to an office, and to put one person out of and another person into an office, is undoubtedly unusual, and opposed to the weight of authority in other jurisdictions. But the nature of the proceedings in mandamus under our statutes seems well adapted to accomplish

these results in a case like the present. The title of the incumbent to the office is involved in the determination of the title of the petitioner." *Luce* v. *Board of Examiners of Dukes County*, 153 Mass. 108, 111. *Keough* v. *Board of Aldermen of Holyoke*, 156 Mass. 403. *Russell* v. *Wellington*, 157 Mass. 100. *Wheeler* v. *Carter*, 180 Mass. 382. That principle, recognized as an unusual extension of the scope of the writ of mandamus, has never been enlarged in its application beyond cases where a controversy arises between two persons as to which one of the two is entitled to office. It has not been the policy of the court to widen the use of that writ to other more or less analogous cases. *Fowler* v. *Brooks*, 188 Mass. 64. *Longyear* v. *Hardman*, 219 Mass. 405, 406. But as was said in *Doherty* v. *Buchanan*, 173 Mass. 338, 340, "we know of no case where a writ [of mandamus] has been issued simply to command one to refrain from attempting to act as a public officer, which is the only purpose for which the writ is asked in the present case." The proper process by which to try the title of one to a public office, except in those cases where the petitioner claims the office for himself, is by an information in the nature of a quo warranto. *Attorney General* v. *Loomis*, 225 Mass. 372. *Attorney General* v. *Hutchinson*, 185 Mass. 85. *Prince* v. *Boston*, 148 Mass. 285, 287. G. L. c. 249, § 12. *Attorney General* v. *Sullivan*, 163 Mass. 446. *Commonwealth* v. *Fowler*, 10 Mass. 290, 295. *Attorney General* v. *Campbell*, 191 Mass. 497. Such an information cannot be filed by an individual without the intervention of the Attorney General. *Goddard* v. *Smithett*, 3 Gray, 116, 124. *Rice* v. *National Bank of the Commonwealth*, 126 Mass. 300. These settled distinctions between the two processes would be obliterated by broadening the function of the writ of mandamus to include cases hitherto recognized as requiring an information in the nature of a quo warranto. There is nothing in *Brooks* v. *Secretary of the Commonwealth*, 257 Mass. 91, and the many cases there cited, which affords support to the petitioner's contention.

*Exceptions overruled.*