MARCELLA IRENE BRIERLEY *vs.* PATRICK H. WALSH & others.

Bristol.   April 8, 1937. — February 1, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Equity Jurisdiction*, To try title to public office.   *Public Officer.*   *Quo Warranto.   Civil Service.*

There is no jurisdiction in equity to try title to public office.

Information in the nature of quo warranto by the Attorney General was the proper proceeding to be invoked by one seeking restoration to employment by a municipality and relying mainly on a contention that he was removed from employment by individuals who, although they acted as a board, had no title to their offices.

There is no jurisdiction in equity of a suit to restore to employment one wrongfully removed from the classified civil service.

BILL IN EQUITY, filed in the Superior Court on October 2, 1936.

The suit was reported by *Brogna*, J.

*G. L. Sisson*, Corporation Counsel, for the defendants.

*J. E. Lajoie*, for the plaintiff.

RUGG, C.J.   This is a suit in equity.   The allegations of the bill are that the plaintiff and the defendants are residents of Fall River, that the defendants are acting as members of the board of health of that city under appointment by the mayor, and that the plaintiff is an employee of the city of Fall River in the classified service and holds a position as private secretary in the department of hospitals. Until May 24, 1932, the plaintiff held that position and discharged the duties thereof under the authority of a board of hospital trustees established for Fall River by St. 1913, c. 299.   On May 24, 1932, the city council of Fall River passed an ordinance establishing a board of health for the city, and undertook to transfer to said board of health the control and management of all municipal hospitals and dispensaries then under the control of said board of hospital trustees and to transfer to the jurisdiction of such board

of health all officers, clerks and employees then employed by the said board of hospital trustees. On September 24, 1936, the defendants, acting under said ordinance, voted to abolish the position held by the plaintiff and, on October 1, 1936, voted to sit as a tribunal at a hearing to be given in accordance with the provisions of G. L. (Ter. Ed.) c. 31. The plaintiff seeks by this suit in equity to restrain the defendants from abolishing the position held by the plaintiff, from holding hearings under G. L. (Ter. Ed.) c. 31, § 43, and from otherwise interfering with her employment, on the ground that said ordinance is illegal and void in that it is contrary to the law of the Commonwealth, and in violation of G. L. (Ter. Ed.) c. 111, § 26, and G. L. (Ter. Ed.) c. 43, § 5. There is a final allegation that the plaintiff has no adequate remedy at law, and that, unless the defendants are enjoined, the plaintiff will suffer permanent and irreparable injury.

The defendants filed a demurrer setting out as grounds thereof: 1. The bill does not set forth a cause of action within the jurisdiction of equity. 2. A court of equity has no jurisdiction to try the title of office of those who are exercising the functions and performing the duties of a public office. 3. The title to office of those exercising the functions and performing the duties of public officers cannot be assailed collaterally; if these defendants are holding an office without right, the remedy is by an information in the nature of quo warranto. 4. There is a want of equity in the plaintiff's bill of complaint. 5. Any hearing upon the plaintiff's bill would necessarily try title to the office of the defendants who are acting as the members of the board of health of Fall River, and a suit in equity is not the proper process by which to try the title to a public office. 6. The plaintiff has a complete and adequate remedy at law.

The trial judge reported the case in this form: He stated that the case came on to be heard on the defendants' demurrer, and it appearing that the cause involved such questions of law that it should be determined by the Supreme Judicial Court, he reported the matter to this court for determination upon a stipulation of the parties that,

if the defendants' demurrer is sustained, the suit is to be dismissed without further amendment. But if the defendants' demurrer is overruled and the court rule, upon the facts herein presented, that the ordinance is illegal and void in so far as it affects the status of employment of the plaintiff, a decree is to be entered in accordance with the prayers of the bill. The defendants filed no answer.

It is stated in the report that "The case was submitted upon an agreed statement of the facts which are as follows." Then follow several pages of printed matter setting out the ordinance which is assailed by the bill, and various matters and documents which might have been material upon a hearing upon a bill and an answer. It is highly irregular for parties to a suit in equity to submit "an agreed statement of the facts" to be considered at a hearing where the only pleadings consist of a bill and demurrer and where no issues as to the facts alleged in the bill have been joined by appropriate pleadings. This aspect of the case has not been argued. It is not necessary to pause to consider it.

It is manifest from the allegations of the bill that the foundation of the plaintiff's case is the proposition that the ordinance of May 24, 1932, was illegally enacted, was inoperative to create the offices claimed to be held by the defendants, and was ineffectual to vest in those holding such alleged offices authority over the plaintiff in her position and employment. It is clear that this main ground of the plaintiff for relief assails directly the title of the defendants to the offices which they purport to hold.

It is a generally recognized principle that there is no jurisdiction in equity to try title to a public office. It was so declared in *Prince* v. *Boston,* 148 Mass. 285, 287, 289. *Sevigny* v. *Russell,* 260 Mass. 294. It is supported by the great weight of authority. *State* v. *Van Beek,* 87 Iowa, 569, 575. *Collins* v. *Scull,* 84 N. J. Eq. 616. *Welker* v. *Lathrop,* 210 N. Y. 434, 436, 437. *Brown* v. *Baldwin,* 112 Va. 536, 538, 539. High on Injunctions (4th ed.) §§ 1312, 1313. The proper way by which to try the title to a public office where, as here, the plaintiff does not claim the office for himself is by an information in the nature of quo warranto. *Doherty*

v. *Buchanan,* 173 Mass. 338, 340. *Sevigny* v. *Russell,* 260 Mass. 294. *In re Sawyer,* 124 U. S. 200, 212, 223. *White* v. *Berry,* 171 U. S. 366, 377. *Attorney General* v. *Loomis,* 225 Mass. 372.

Another principle is that the title of the defendants to the offices which they purport to hold cannot be attacked collaterally. *Coolidge* v. *Brigham,* 1 Allen, 333, 335. *Fitchburg Railroad* v. *Grand Junction Railroad & Depot Co.* 1 Allen, 552, 557. *Commonwealth* v. *DiStasio,* 297 Mass. 347, 351, and cases collected. That rule is binding if it is applicable to the facts. The prosecution of an information in the nature of a quo warranto is available. *Sheehan's Case,* 122 Mass. 445, 446. That is the preferable procedure, since judgment of ouster then becomes operative if the facts warrant that result.

No ground for equitable relief is disclosed by the bill. The rights of the plaintiff depend upon the governing principles of law; they do not rest upon equity. The rights of the plaintiff which are alleged to have been violated cannot be vindicated in equity. *In re Sawyer,* 124 U. S. 200, 212. *White* v. *Berry,* 171 U. S. 366. The plaintiff can be given complete relief by proceedings in the nature of quo warranto.

The plaintiff cannot as of right institute proceedings in the nature of quo warranto. In the circumstances here disclosed that can be done only by the Attorney General. G. L. (Ter. Ed.) c. 249, § 12. His action can be invoked. Whether he shall seek relief by that procedure rests in his sound discretion. It cannot be presumed that he would fail to act if a petition in appropriate form and having the appearance of merit were presented to him. *Barendt* v. *McCarthy,* 160 Cal. 680, 691. G. L. (Ter. Ed.) c. 249, § 12. See *Attorney General* v. *Methuen,* 236 Mass. 564.

The plaintiff, according to the allegations of the bill, holds a position in the classified civil service. If she is being wrongfully removed from such a position, she is entitled to the remedy provided by G. L. (Ter. Ed.) c. 31, § 45. That would afford relief in a meritorious case. *McLaughlin* v. *Mayor of Cambridge,* 253 Mass. 193.

The result is that, for the reasons already stated and upon the stipulation of the parties, the demurrer must be sustained and the bill dismissed without further amendment.

*Ordered accordingly.*