LOUIS J. DODSWORTH *vs.* MAYOR OF MEDFORD & others.

Middlesex. December 3, 1940. — January 3, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Municipal Corporations*, Officers and agents.

An appointment by the mayor of a city, "subject to the rules of the" board of aldermen "and the ordinances," of an employee to serve until March, 1941, where the pertinent ordinance required that the term should expire on January 1, 1942, upon being confirmed by the board, was effective as an appointment for a term ending on the date specified in the ordinance.

A vote of the board of aldermen of a city confirming an appointment by the mayor, which was not reconsidered nor rescinded, was effectual although the board at two successive meetings voted to "retain in its possession" the appointing document and then adjourned *sine die.*

PETITION, filed in the Superior Court on January 2, 1940, for a writ of mandamus.

The case was heard by *Good*, J.

*J. N. Johnson*, for the petitioner.

*G. L. O'Hara*, for the respondent Buckley.

*G. E. Constantino*, City Solicitor, for the respondents Mayor of Medford and another, submitted a brief.

RONAN, J. This is a petition for a writ of mandamus to try the title to the office of purchasing agent of the city of Medford. The case was submitted to the judge upon a statement of agreed facts from which it appears that the petitioner was duly appointed purchasing agent on Septem-

ber 7, 1937, for the balance of an unexpired term of three years ending on January 1, 1939, or until his successor was appointed and qualified, in accordance with an ordinance which provides for the appointment to said office by the mayor, subject to confirmation by the board of aldermen, for a term of three years. The respondent Buckley contends that he is the purchasing agent by virtue of his appointment by the mayor and confirmation by the board of aldermen on December 28, 1939. The petitioner excepted to the order dismissing the petition, and to the refusal to grant certain requests for rulings.

The mayor, on December 19, 1939, sent to the board of aldermen a written communication in which he stated: "I hereby nominate and appoint subject to the rules of the Board and the ordinances provided, the name Cyril N. Buckley as Purchasing Agent to serve until March 1941 or until his successor is appointed." At this time the petitioner was occupying the office after his term had expired on January 1, 1939, and the term then pending would expire on January 1, 1942, and not in March, 1941, as stated in the communication of the mayor. The petitioner contends that this appointment was void because it did not correctly state the term for which Buckley could be appointed. The term of this office was fixed by an ordinance and no appointment could be made for a term different from that thereby established. Moreover, the appointment was made subject to the rules of the board of aldermen and to the provisions of the ordinances. To be made in compliance with the ordinances, the term for which the appointment could be made was the term expiring on January 1, 1942. It cannot be presumed that the mayor did not intend to make a valid appointment or that the board of aldermen were not acquainted with the ordinance establishing the term of the office of the purchasing agent. If the words "to serve until March 1941" were omitted, the appointment would be valid for the unexpired term, because it was unnecessary to mention the tenure of office as that was already created by the ordinance. *Commonwealth* v. *Swasey*, 133 Mass. 538. *Collins* v. *Schenectady*, 256 App. Div. (N. Y.) 389. The

reference in the mayor's communication to the ordinance makes the case stronger than those cases in which nothing appeared to neutralize or to control the erroneous statement of the tenure of office to which a candidate was seeking election. In such instances it has been held that such an error did not vitiate the election, and we see nothing in the agreed facts that would lead to a different conclusion in reference to this appointment. It was said in an opinion of this court respecting the statement upon a ballot at the head of the block containing the names of the candidates for a particular office, that the term of office was one year instead of stating that it was for three years, that "this clerical error concerned an immaterial and subsidiary point and did not affect the substantial factors of the election." *Parrott* v. *Plunkett*, 268 Mass. 202, 208. *Wheeler* v. *Carter*, 180 Mass. 382. *Attorney General* v. *Hutchinson*, 185 Mass. 85. An appointment in which the term was mistakenly stated to be for a term different from that prescribed by law has been held to be an appointment for the legal term, and this, we think, was the term of the appointment of the respondent Buckley. *Attorney General* v. *Loomis*, 225 Mass. 372. *Clark* v. *State*, 177 Ala. 188. *Hale* v. *Bischoff*, 53 Kans. 301. *Stadler* v. *Detroit*, 13 Mich. 346. *State* v. *Corcoran*, 206 Mo. 1. *People* v. *Dooley*, 171 N. Y. 74. *Sullivan* v. *Taylor*, 279 N. Y. 364. *State* v. *Plapp*, 61 Ohio App. 76. Compare *Florey* v. *Lanning*, 90 N. J. L. 12; *Cafiero* v. *Peterson*, 103 N. J. L. 220.

The petitioner next contends that the board of aldermen did not confirm Buckley's appointment. The mayor's communication lay on the table for more than a week in accordance with the city charter. St. 1903, c. 345, § 27. A special meeting of the board of aldermen was duly held on December 28, 1939. The board consisted of twenty-one members. Fifteen members attended this meeting and eight of them voted in favor of confirming Buckley's appointment. An alderman who had voted for confirmation moved for reconsideration. This motion was seconded. Four other members then came into the council chamber, and the member who made this motion withdrew it before

the motion was put by the presiding officer. The board voted to "retain in its possession paper No. 46667 the appointment of Cyril N. Buckley as Purchasing Agent," and then adjourned to December 29, 1939. At this adjourned meeting, a motion of a member who had not voted for the confirmation of Buckley for a suspension of the rules, so as to permit a vote being taken upon the reconsideration of the confirmation of Buckley, failed to pass. The meeting then voted to stand adjourned to January 1, 1940, and to retain the paper concerning the appointment of Buckley. St. 1938, c. 61, by which the board of aldermen was reduced from twenty-one members to eleven members, became effective on January 1, 1940, and the parties agreed that the adjournment to January 1, 1940, was an adjournment without day.

The vote taken at the meeting of December 28, 1939, was valid, and the confirmation of Buckley was effective unless the board reconsidered or rescinded the vote. Immediately after the result of the vote was announced, a member who had voted for Buckley's confirmation moved for reconsideration but withdrew the motion before the question had been put to the board. At the meeting on December 29, 1939, a motion to reconsider this vote did not pass. The vote on the confirmation of Buckley was never reconsidered by the board of aldermen. Neither was there any formal action rescinding that vote. The board never took any affirmative action directed toward the vote of confirmation other than voting to retain in its possession the communication of the mayor nominating and appointing Buckley. We need not decide what right, if any, the board had to this paper, because its retention in no way affected the vote already taken. The only duty of the board was to confirm or refuse to confirm the person nominated by the mayor. The vote to confirm stood unaffected by any final subsequent action of the board, and the adjournment without day was designedly made to avoid the necessity for further action by it.

There was no error in dismissing the petition or in denying the petitioner's requests. *Keough* v. *Aldermen of Hol-*

*yoke,* 156 Mass. 403.    *Revere Water Co.* v. *Winthrop,* 192 Mass. 455.    *Wood* v. *Milton,* 197 Mass. 531.    *Coleman* v. *Louison,* 296 Mass. 210.

*Exceptions overruled.*