HERBERT LORD *vs.* WALTER A. GRIFFIN. November 2, 1946. Exceptions overruled. This is an information or petition in the nature of a quo warranto whereby the petitioner seeks to have Walter A. Griffin commanded to relinquish the office of clerk of the District Court of Lawrence on the ground that his appointment to that office was not properly confirmed by the executive council. The petitioner does not claim the office for himself. The information or petition was presented to a justice of this court with a request that order of notice be issued. The justice made the following order: "December 12, 1945; after hearing petitioner, order of notice denied; *Sevigny* v. *Russell*, 260 Mass. 294, 295." The petitioner excepted. We assume without decision or discussion that the exception is properly before us. An order of notice was denied rightly. It was said in the *Sevigny* case: "The proper process by which to try the title of one to a public office, except in those cases where the petitioner claims the office for himself, is by an information in the nature of a quo warranto . . . . Such an information cannot be filed by an individual without the intervention of the Attorney General." See also *Goddard* v. *Smithett*, 3 Gray, 116; *Brierley* v. *Walsh*, 299 Mass. 292, 295. The case is not within the class of cases in which under G. L. (Ter. Ed.) c. 249, § 6, informations in the nature of quo warranto may be filed by leave of court without the intervention of the Attorney General.

*H. Lord, pro se.*

No argument nor brief for the respondent.

ACUSHNET HOSPITAL ASSOCIATION *vs.* TOWN OF ACUSHNET. November 2, 1946. The papers transmitted to this court were improperly transmitted and must be struck from the files of this court. This action of contract was brought in a District Court. There was a finding for the plaintiff. Upon a report to the Appellate Division the finding was vacated and a new trial ordered. The plaintiff claimed an appeal to this court and the appeal was entered in this court. This appeal was dismissed. The court said, "The decision of the Appellate Division was not a 'final decision' from which alone an appeal to this court lies. A new trial must be had before the case can be brought here. The appeal must be dismissed. G. L. (Ter. Ed.) c. 231, § 109." *Acushnet Hospital Association* v. *Acushnet*, 318 Mass. 781. Thereafter there was a trial before the judge of the District Court who made a new finding of damages. There was, however, no report to the Appellate Division and consequently no decision by the Appellate Division. The papers have been transmitted to this court apparently on the theory that there was an appeal to this court, but no further appeal was claimed or entered and none could have been for there was no "final decision" of the Appellate Division from which an appeal would lie. The case was submitted on briefs.

*G. H. Young*, for the plaintiff.

*F. F. Resendes*, for the defendant.