ARTHUR BOTTONE, PLAINTIFF-APPELLANT, v. TOWNSHIP OF MADISON, A MUNICIPAL CORPORATION, MADISON TOWNSHIP UTILITIES AUTHORITY, A PUBLIC BODY CORPORATE AND POLITIC, AND WALTER ZIZIK, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued November 7, 1966—Decided November 14, 1966.

Before Judges GOLDMANN, KILKENNY and COLLESTER.

*Mr. Philip L. Strong* argued the cause for appellant (*Messrs. Strong, Strong & Gavarny,* attorneys).

*Mr. Harold G. Smith* argued the cause for respondents (*Mr. Smith,* attorney for respondent Madison Township; *Mr. John R. Halleran,* attorney for respondent Zizik).

Respondent Madison Township Municipal Authorities did not file a brief.

The opinion of the court was delivered by

GOLDMANN, S. J. A. D. Plaintiff Bottone appeals from the summary judgment entered against him by the Superior Court, Law Division, in his action in lieu of prerogative writs challenging the appointment of defendant Zizik as a member of the Madison Township Municipal Utilities Authority (Authority) and seeking a declaration that plaintiff still held office as a member of that body. The judgment declared that Zizik's appointment for a five-year term beginning February

7, 1966 and ending January 31, 1971 was a valid appointment to the position previously held by plaintiff, whose term expired January 31, 1966.

The Authority was established by ordinance adopted by the Madison Township governing body on August 22, 1960, pursuant to the Municipal Utilities Authorities Law, *N. J. S. A.* 40 :14B–1 *et seq.* Thereafter, the governing body by resolution dated March 20, 1961 appointed five members to the Authority, the number called for by *N. J. S. A.* 40 :14B–4, for staggered terms respectively ending on December 31 of 1962, 1963, 1964, 1965 and 1966. It should immediately be observed that these appointments were not in accordance with the statute, which reads :

"Any governing body may, in the case of a county by resolution duly adopted, or in the case of a municipality by ordinance duly adopted, create a public body corporate and politic under the name and style of 'the ___ _____ __ _____ _____ ._____ municipal utilities authority,' with all or any significant part of the name of said county or municipality inserted. Said body shall consist of the 5 members thereof, who shall be appointed by resolution of the governing body as hereinafter in this section provided, and it shall constitute the municipal authority contemplated and provided for in this act and an agency and instrumentality of said county or municipality. After the taking effect of the resolution or ordinance for the creation of said body and the filing of a certified copy thereof as in section 7 of this act provided, 5 persons shall be appointed as the members of the municipal authority. The members first appointed shall, by the resolution of appointment, be designated to serve for terms respectively expiring on the first days of the first, second, third, fourth and fifth Februarys next ensuing after the date of their appointment. On or after January 1 in each year after such first appointments, 1 person shall be appointed as a member of the municipal authority to serve for a term commencing on February 1 in such year and expiring on February 1 in the fifth year after such year. In the event of a vacancy in the membership of the municipal authority occurring during an unexpired term of office, a person shall be appointed as a member of the municipal authority to serve for such unexpired term."

The terms of the members so first appointed should have been designated to expire on February 1 of the stated years.

During the year 1963 the voters of Madison Township, exercising the option given them under the Optional Munici-

pal Charter Law (Faulkner Act), *N. J. S. A.* 40:69A–1 *et seq.,* adopted the council-manager form of government, effective January 1, 1964. It is conceded that on that date the terms of the several members of the Authority immediately ceased and determined. *N. J. S. A.* 40:69A–207. *Jordan v. Zidel,* 40 *N. J.* 244, 250 (1963); *Broadway Nat'l Bank of Bayonne v. Bayonne Parking Authority,* 40 *N. J.* 227, 240 (1963). However, the Authority itself was not abolished. *Ibid.*

On January 1, 1964 the township governing body filled the five vacancies on the Authority by appointing Messrs. Monzeglio, Pond, Bottone (plaintiff), Nesenker and Salvo for terms of one, two, three, four and five years, respectively, and ending on December 31 in the years 1964, 1965, 1966, 1967 and 1968, respectively. As before, the governing body failed to fix expiration dates in accordance with *N. J. S. A.* 40:14B–4, above. Had it complied with the statutory requirement, plaintiff's term of office would have been made to terminate on February 1, 1966, rather than December 31, 1966.

On February 7, 1966 the governing body appointed defendant Zizik to the Authority for a term of five years ending January 31, 1971. Plaintiff contends that by this action he was wrongfully deprived of the unexpired portion of his term of office, and that Zizik usurped the position rightfully belonging to him. To support this contention he argues that the obvious intent of the governing body was to give him a three-year term in office, and asks the court to fulfill this intention by construing the January 1, 1964 resolution so as to fix January 31, 1967 as the end of his term in office, rather than January 31, 1966. As a minimum, he urges that we determine that he has a right to continue on the Authority until December 31, 1966. He also contends that the governing body acted contrary to *N. J. S. A.* 40:14B–4 by appointing Zizik to a term commencing February 7, 1966, and such action was therefore illegal.

At oral argument, as in his brief, plaintiff insists that *N. J. S. A.* 40:14B–4 did not and cannot control the appointment

of members to an Authority following a Faulkner Act change of government. The common sense of the matter is that the township was on January 1, 1964 faced with the same situation regarding the Authority as existed at the time of its establishment on August 22, 1960, namely, a duly created Authority was in existence, but its entire membership was vacant. Plaintiff insists that the township governing body was free to fix December 31 as the terminal date of membership on the Authority, so long as it staggered the terms for one, two, three, four and five years. In other words, it was not bound to look to the provisions of the Municipal Utilities Authorities Law for guidance. In our opinion, *N. J. S. A.* 40:14B–4 was logically the frame of reference within which the township governing body should have acted; appointments should have been made in accordance with its provisions.

It is to be noted that with regard to initial appointments to an Authority, the Legislature provided no set length of term; it merely specified the date upon which each term was to expire. A member might serve for as short a term as one month, or for as full a term as five years. The original members of the Madison Township Utilities Authority, as we have said, should have been appointed for terms ending on February 1 in 1962, 1963, 1964, 1965 and 1966, respectively. And when, because of *N. J. S. A.* 40:69A–207, the terms of the several Authority members came to an end on January 1, 1964 and the governing body attempted to fill the vacancies by appointing new members, their respective terms should have ended on February 1 in 1964, 1965, 1966, 1967 and 1968. Plaintiff's appointment should have been for a term ending February 1, 1966.

The question here is the effect to be given to an attempt by a municipal governing body to make appointments to a utility authority for terms different from those authorized by the statute, *N. J. S. A.* 40:14B–4. Before 1960 no court of last resort in New Jersey had passed on that question. Until then a line of authorities stemming from *Saller v. Burk,* 83 *N. J. L.* 152 (*Sup. Ct.* 1912), held that an appointment for a term

different from that authorized by statute rendered the appointment void. This was reversed in *Newman v. Fair Lawn,* 31 *N. J.* 279 (1960), which held that appointments to a municipal planning board for a term not authorized by statute were nonetheless valid, but for the period authorized by statute rather than that established by the appointing resolution. *Newman* was reaffirmed in *Gillson v. Heffernan,* 40 *N. J.* 367 (1963), where the court held that in the case of an appointment for less than the legal term, the appointee could not hold office for the more extended period; his term expired at the end of his shorter term. In our view, the same rule should apply whether the term authorized by statute is longer or shorter than that provided in the appointing resolution.

"* * * any attempt to alter by reduction or extension the term of office prescribed by the superior power is nothing but an attempt to overrule the law and evade its intended operation. To permit this to be done, whether by express agreement or tacit acquiescence, or by aid of the doctrine of estoppel, would be manifestly subversive of sound policy and destructive of law itself. * * *" *Clark v. State ex rel. Graves,* 177 *Ala.* 188, 202–203, 59 *So.* 259, 264 (*Sup. Ct.* 1912).

And see *Dodsworth v. Mayor of Medford,* 308 *Mass.* 62, 30 *N. E. 2d* 835 (*Sup. Jud. Ct.* 1941).

██ It follows that the January 1, 1964 resolution was ineffective insofar as it attempted to establish the specific terms it did. Nonetheless, plaintiff's appointment was not wholly void, but valid for the proper statutory term. What the trial judge was called upon to do was to reconstruct plaintiff's term of office, and he did so in proper fashion. That term began to run from the date of plaintiff's appointment, January 1, 1964, and expired on the third February 1st following, *i. e.,* on February 1, 1966.

Zizik's appointment on February 7, 1966 to replace plaintiff for a term expiring January 31, 1971 was a valid one, and therefore Zizik properly holds the office of member of defendant Authority.

■ We are asked to reconstruct the terms of the other members of the Authority. They are not parties, and it is for the township governing body to adjust the remaining terms in a manner consistent with *N. J. S. A.* 40 :14B–4.

The judgment is affirmed.