HENRY S. CLARKE *vs.* WILLIAM H. FRENCH & others.

Norfolk.    January 23. — March 19, 1877.

A mill-owner, who partially obstructs the flow of water in a stream to his own mill, is not thereby prevented from recovering, against another mill-owner who also obstructs it, for the additional obstruction.

TORT for obstructing the flow of water to the plaintiff's mill. At the trial in the Superior Court, before *Dewey*, J., the jury returned a verdict for the plaintiff, and the defendants alleged exceptions, the substance of which appears in the opinion.

*H. N. Shepard*, for the defendants.

*J. E. Carpenter*, for the plaintiff.

COLT, J.    The plaintiff is a mill-owner on Neponset River, depending for his supply of water upon the natural flow of that stream, and largely upon that which comes from the Neponset reservoir.    The defendants are mill-owners upon the same stream, having a mill between the plaintiff's mill and the reservoir.

This action is to recover damages for the wilful acts of the defendants whereby the flow of water in the stream, and from the reservo · to the plaintiff's mill, was at times obstructed, and at other times wholly wasted.

It appeared at the trial that the plaintiff had control of the flow of water from the reservoir, and also owned a pond situate on the Neponset River, between the defendants' mill and the reservoir.    And it was contended by the defendants that the plaintiff himself kept back the water for the whole or part of the time covered by this action, although the exceptions do not show that there was any evidence whatever in support of this claim.

The judge gave full instructions as to the rights of the parties to the use of the water, to which no objection was made, and especially instructed the jury that the defendants were not liable for the detention of the water caused by any one else, and that they must separate that part of the detention caused by the defendants, and award damages for that part only. This instruction, fairly construed, means that the defendants were to be held liable for improperly obstructing the water after it had come into their own mill-pond, and for that only. The jury must have found that the defendants had unreasonably detained or wasted the supply of water to which the plaintiff was entitled, and must have limited the damages assessed to the acts of the defendants alone.

The judge was asked to rule that there could be no recovery in this action, if the detention of the water was caused, in whole or in part, by the act of the plaintiff. This was properly refused. The detention of the water by the plaintiff was his own independent act, for which he may or may not be liable to the defendants or to other parties, but for which no damages could have been allowed against the defendants. The detention by the defendants was their own independent act, which the plaintiff in no way contributed to or helped to bring about. The rule which prevents a recovery by the plaintiff in some actions of tort, when his own negligence or legal fault has been a contributory cause of the injury, has no application to the state of facts here presented. It cannot be said that, because the plaintiff partially obstructed the flow of water to his own mill, the defendants might afterwards obstruct it without being responsible to him for such obstruction.

*Exceptions overruled.*