MAUDE H. KIMBALL & others vs. METROPOLITAN DISTRICT
COMMISSION.

Suffolk. March 3, 26, 1926. — September 17, 1926.

Present: RUGG, C.J., CROSBY, PIERCE, & WAIT, JJ.

*Mandamus. Practice, Civil,* Parties. *Deed,* Construction. *Way,* Private.
*Metropolitan District Commission.*

The owners of land contiguous to the Revere Beach Parkway, which was
constructed under the provisions of G. L. c. 92, § 35, and along which
has been constructed a sidewalk above the grade of the land, cannot
compel the metropolitan district commission to change the grade of the
sidewalk to suit their convenience; they must adapt their land to meet
the changed conditions so far as concerns the grade of the edge of the
sidewalk immediately contiguous to their land, unless the commission
in granting a way of access decide otherwise.

The owners in severalty of different parcels of land, subdivisions of a parcel,
a part of which their common predecessor in title, for the construction
of the Revere Beach Parkway under St. 1894, c. 288, had conveyed to
the Commonwealth by a deed giving the grantor and his successors in
title rights of access to and egress from the parkway for their adjoining
property, were improperly joined as petitioners in a petition for a writ
of mandamus, not only to compel the metropolitan district commission
to remove a sidewalk, which the commission had constructed along the
boundary lines of the several petitioners' lots upon the parkway from
four to six inches above the level of the parkway and which caused
severe jolts to vehicles attempting, under a permit previously granted
by the commission, to enter or leave a lane leading from the parkway
to the property of the petitioners, but also to remove a fence, which the
commission had erected along the boundary line of one of the petitioners
and which he contended deprived him of access to and egress from the
parkway, and "to grant to the said petitioners ways of necessity by
which they may enter on and egress from the" parkway; and because
of such misjoinder the petition must be dismissed.

PETITION, filed in the Supreme Judicial Court for the
county of Suffolk on July 8, 1925, by Maude H. Kimball,
Arthur L. Kimball and A. Melvina Pratt, owners of land
bounded northeasterly by Revere Beach Parkway and
southeasterly by Pratt Lane, described in the opinion, and by
Robert J. Fawcett, the owner of land bounded northeasterly
by the parkway and northwesterly by the lane, for a writ

of mandamus ordering the metropolitan district commission to remove a sidewalk which it had erected along the property and across the entrance to the lane from four to six inches above the level of the parkway "with which it has closed the entrance to Pratt Lane," and to remove a fence which it had erected along the property of Fawcett "with which it has deprived" him "of entry to and egress from the said highway"; and "to grant to the said petitioners ways of necessity by which they may enter on and egress from the Revere Beach Parkway."

The petition was referred to an auditor. It appeared that, on October 15, 1901, subsequent to a taking by the board of metropolitan park commissioners but before the deed from the petitioner's predecessor in title to the Commonwealth, described in the opinion, the commission had granted to him a permit to enter the parkway from Pratt Lane, which never had been revoked and still was in force. Other material facts found by the auditor are stated in the opinion. The case was heard by *Carroll*, J., upon the auditor's report. He found the facts as stated by the auditor, ruled as a matter of law that the writ should issue as prayed for, and reported the case to the full court for determination.

*C. F. Lovejoy*, Assistant Attorney General, for the respondent.

*G. A. McLaughlin*, for the petitioners.

RUGG, C.J. The petitioners are owners of lots of land abutting on the Revere Beach Parkway and seek to enforce their alleged rights of access to the parkway. All the land of the petitioners formerly was owned by one person and abutted upon a public way. While thus in unity of ownership, land was taken in 1901 across its entire street frontage by right of eminent domain for the purpose of constructing the parkway. St. 1894, c. 288, now G. L. c. 92, § 35. The owner in 1902 executed and delivered to the Commonwealth a deed and release of damages on account of the taking, which contained provisions in substance similar to those in the deed under consideration in *Anzalone* v. *Metropolitan District Commission, ante,* 32.

The plaintiff Fawcett now owns two lots of land abutting

on the parkway, being a part of the original tract of 1901 and 1902.

The commission has constructed a fence in front of the Fawcett land, thus blocking access from it to the parkway. Seemingly this was constructed as a substitute for a fence existing between this land and the street before the taking by eminent domain in 1901. Fawcett has petitioned the commission to remove the fence in front of his premises and for entrance to the parkway, which has been denied. The other petitioners own the remainder of the original tract of 1901 and 1902 now abutting on the parkway. They apparently own the fee of, and have used, a way commonly known as Pratt Lane, to go from the parkway to their land. Their predecessor in title was granted in 1901 a permit by the commission or its official predecessor to enter the parkway from the lane. There is no express finding that this lane is a public way, and no facts requiring that inference.

The commission has caused to be erected a sidewalk of concrete along the entire front of both estates and across the front of Pratt Lane. This sidewalk is from four to six inches above the grade of the highway. Where it crosses the entrance to Pratt Lane it causes severe jolts to automobiles and vehicles attempting to enter or leave Pratt Lane. It is not clear whether these petitioners complain of the height of the sidewalk above the grade of their land and Pratt Lane, where they are immediately contiguous, or of its height above the general level of the parkway on the edge of the sidewalk contiguous to it. It must be presumed that the commission had authority to cause the sidewalk to be constructed and to establish its grade. G. L. c. 92, § 35. Whatever may be the other rights of abutters arising out of such construction, they cannot compel a change of the grade of the sidewalk to suit their convenience. They must adapt their own land to meet the changed conditions so far as concerns the grade of the edge of the sidewalk immediately contiguous to their land, unless the commission in granting a way of access decide otherwise.

The general principles governing the rights of all these parties as to access to the parkway have been declared in

*Anzalone* v. *Metropolitan District Commission, ante,* 32. That aspect of the case at bar is governed by that decision, to which reference is made.

The parties are not properly joined as petitioners. Fawcett as the owner of his lots has no interest in the wrong of which the other petitioners complain, and the other petitioners are likewise without interest in those about which Fawcett complains. The relief granted must in its nature be several and not joint. There is no community of interest either in the alleged wrongs or in the remedy invoked. Whatever relief ought to be granted, if any, must be separate and distinct as to Fawcett and to the other petitioners. The petition ought to be dismissed because of the improper joinder of petitioners. See *Spear* v. *H. V. Greene Co.* 246 Mass. 259, 267 to 270. See, for collection of cases in other jurisdictions, 38 C. J. 847, 848.

Since the defendant is a public board, it cannot be doubted that upon appropriate proceedings taken in accordance with the principles declared in the Anzalone decision, the petitioners will obtain all the relief to which they are entitled. If they do not, by following the procedure there pointed out they can put themselves in position to obtain appropriate relief.

> *Petition dismissed because of improper joinder of petitioners.*