WALTER YASKILL & others *vs.* EDGAR L. THIBAULT.

Bristol.    October 27, 1930. — November 25, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Equity Jurisdiction*, To enjoin nuisance, Plaintiff's clean hands, Damages.
*Equity Pleading and Practice*, Parties, Appeal.  *Watercourse.  Negligence*, Contributory.  *Damages*, In suit in equity.

In a suit in equity by three plaintiffs, each of whom owned a parcel of land through which and through land of the defendant flowed a stream, to enjoin the defendant from obstructing the stream and for damages, a contention by the defendant, made for the first time in this court on an appeal from a final decree granting relief to the plaintiffs, that the plaintiffs had no joint interest entitling them to join in the suit, came too late and was not open to him.

A finding by a master in the suit above described that the stream was a natural watercourse was warranted by other facts, found by him, that it flowed from a pond through the lands of the respective parties to a river, the contour of the land affording a natural slope for its flow; that as the water flowed from the pond it formed a bed, then spread over a level area, and then converged again into a bed with sides, forming a definite stream of water with a definite channel and bed; and that during dry seasons varying from three to six months there was no water flowing in the stream although the pond was never dry.

Such stream did not lose its character because of the fact that at certain places in its course it spread over a level area beyond its banks nor because in periods of small rainfall no water was flowing in it.

The mere fact, appearing in the suit above described, that the plaintiffs contaminated the stream, did not justify the defendant in obstructing it nor preclude the plaintiffs from having relief and damages in the suit.

BILL IN EQUITY by three plaintiffs, owners respectively of three different parcels of land, filed in the Superior Court on June 11, 1927, and described in the opinion.

The suit was referred to a master.  Material facts found by the master are stated in the opinion.  By order of *Hanify*, J., there were entered an interlocutory decree confirming the master's report and a final decree enjoining the defendant as prayed for and awarding each plaintiff $25 damages and costs.  The defendant appealed.

*D. R. Radovsky & I. H. Simon*, for the defendant, submitted a brief.

No argument nor brief for the plaintiffs.

SANDERSON, J. This is a bill to enjoin the defendant from maintaining a wall or obstruction causing a diversion of the course of a stream of water so that it flows back upon the land of the respective plaintiffs.

Each of the plaintiffs and the defendant own real estate bounding easterly on Brayton Point Road in Somerset, the defendant's land being south of that of the plaintiffs. All this land is located between the Old Providence Road on the north and a road called the New State Highway. The stream has its origin in a natural pond located on the northerly side of the Old Providence Road and a culvert or conduit under this road through which water from the pond flows has been in existence many years. A culvert for the stream has also been constructed under the New State Highway and under driveways or streets located between the two main highways. The water after flowing through the land of the respective plaintiffs went through land of the defendant, thence over other land by a channel to a river. The contours and location of the land from the pond past the properties of the parties afford a natural slope or a valley whereby the water from the pond would flow through their land. As the water flows from the pond it forms a bed, then spreads over a level area, and then converges again into a bed with sides, forming a definite stream of water with a definite channel and bed. During dry seasons varying from three to six months there is no water flowing in the stream although the pond is never dry. The master appointed in the case reached the conclusion that the water flowing from the pond through the land of the several parties was a watercourse or stream. In 1916 the defendant made some changes on his own land at a point where the water flowed in a definite channel and in 1927 he constructed upon his land a cement wall which obstructed the flow of the water causing it to back up and overflow the land of the plaintiffs, flooding the cellars of two of them and polluting the wells of all. When the defendant built the wall the water coming from the pond was flowing and carrying onto the defendant's land from that of the plain-

tiffs drainings of cesspools.  The master found that the plaintiff Paskowski was draining water from his own land into the water which flowed to the defendant's land and polluting it.

The defendant's contention, now made for the first time, that the plaintiffs have no joint interest enabling them to join in the action is not open to him.  In *Stevens* v. *Rockport Granite Co.* 216 Mass. 486, the bill was brought by owners of abutting estates to enjoin a continuing nuisance, and in that case the question of misjoinder of parties plaintiff was not raised in the trial court and this court said, at page 493, " It is too late for the defendant to raise at this stage the objection that the plaintiffs cannot join in a suit of this sort and that damages cannot be assessed in favor of different plaintiffs whose injuries are several.  The proper way to take advantage of misjoinder is by demurrer for that cause.  At the least, seasonable objection upon the ground of separate assessments of damages should have been taken before the master and exceptions filed duly.  Failure to do this precludes the defendant from asking the court to consider this question."  But in the same case the court also said: " Even if this point had been raised betimes, it is open to doubt whether it could be sustained, " citing *Ballou* v. *Hopkinton,* 4 Gray, 324, *Parker* v. *Nightingale,* 6 Allen, 341, and *Cadigan* v. *Brown,* 120 Mass. 493.  The last of these cases was a suit to abate a nuisance, and the court held that because of the nature of the injury suffered and of the relief sought several plaintiffs might join.  Compare *Spear* v. *H. V. Greene Co.* 246 Mass. 259, 266–270, *Kimball* v. *Metropolitan District Commission,* 257 Mass. 55, 58, and *Adams* v. *Richardson,* 268 Mass. 78, 83.

Upon the facts found the stream because of the permanency of its source, of the well defined course in which it flowed with a channel and banks, of its outlet and its many years of continuous flow during portions of the year, could rightly be found to be a natural stream.  *Luther* v. *Winnisimmet Co.* 9 Cush. 171, 174.  *Macomber* v. *Godfrey,* 108 Mass. 219.  *McGowen* v. *Carr,* 272 Mass. 573.  It did

not lose its character as such a stream because of the fact that at certain places in its course it spread over a level area beyond its banks, *Macomber* v. *Godfrey, supra,* nor because in periods of small rainfall no water was flowing in it. *Ashley* v. *Wolcott,* 11 Cush. 192.

In an action of tort for invading the plaintiffs' rights as a riparian owner on a natural stream and causing him damage, the defendant cannot defend by showing that the plaintiffs themselves have polluted the stream. *Jackman* v. *Arlington Mills,* 137 Mass. 277. The doctrine of contributory negligence does not apply in such a case. *Clarke* v. *French,* 122 Mass. 419, 420. The contamination of the stream by the plaintiffs did not justify the defendant in obstructing it. Their acts were not connected as a legal cause with the water being flowed back upon their property to their injury. The obstruction of the water by the defendant was his own independent wrongful act to which the plaintiffs in no way contributed. *Clarke* v. *French, supra.*

It does not appear that the master committed any error of law in assessing damages. As the acts of the plaintiffs had no immediate and necessary relation to the matter for which they seek relief, they were not by their conduct barred from such equitable relief. *Howe* v. *Chmielinski,* 237 Mass. 532, 536.

*Decree affirmed with costs.*