WALTER C. WARDWELL & others *vs.* JOHN C. LEGGAT & others.

Middlesex.    March 6, 1935. — July 1, 1935.

Present: RUGG, C.J., CROSBY, DONAHUE, & QUA, JJ.

*Mandamus. Practice, Civil,* Parties. *Elections. Public Officer.*

Mandamus did not lie to compel a board of examiners, who had issued a certificate of election as county commissioner under G. L. (Ter. Ed.) c. 54, § 122, to call a new election for that office, and to restrain the person to whom the certificate had been issued from attempting to act as county commissioner.

A public officer holding over after the expiration of his term has no standing to try by mandamus the title to office of one certified to have been elected as his successor.

Claimants to separate public offices cannot join in one petition for a writ of mandamus to try the titles to such offices.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Middlesex on December 28, 1934.

The case was heard by *Pierce,* J.

*S. Hoar,* for the petitioners.

*F. J. Carney,* (*J. J. Brennan* with him,) for the respondents.

CROSBY, J.    This is a petition for a writ of mandamus brought to restrain the board of examiners for Middlesex County from issuing certificates of election to Thomas B. Brennan as county commissioner and to Edward L. Harley and Melvin G. Rogers as associate commissioners, based on an election held on November 6, 1934, and to order the board of examiners to call a new election to elect a county commissioner and two associate commissioners; to restrain Brennan from attempting to act as county commissioner, and to restrain Harley and Rogers from attempting to act as associate commissioners.

The petitioners, when the petition was filed on December 28, 1934, were the three commissioners holding office; Victor

F. Jewett, candidate for county commissioner to succeed himself, who was defeated in the election held on November 6, 1934; Robert D. Donaldson, an associate commissioner, who was a candidate to succeed himself, and was defeated in the election held on the above date; and Donald P. Hurd, a duly qualified voter in Middlesex County who voted in the election held on the above date. The respondents were John C. Leggat, Loring P. Jordan and Ralph N. Smith, the board of examiners for Middlesex County under G. L. (Ter. Ed.) c. 54, § 122, Thomas B. Brennan, successful candidate for county commissioner in the election, and Edward L. Harley and Melvin G. Rogers, successful candidates for associate commissioners at said election, Rogers to succeed himself in that office. On January 8, 1935, the petition to intervene of Herbert Leslie Wanamaker, a duly qualified voter in Middlesex County, who voted at said election, was allowed.

The respondents Leggat and Jordan filed an answer, from which it appears that certificates of election were issued by the board of examiners to Brennan on December 31, 1934, and to Harley and Rogers on January 3, 1935. The facts alleged in the answer were not traversed. Brennan, Harley and Rogers filed demurrers, assigning among other causes (1) that there was misjoinder of parties as petitioners and parties as respondents, (2) that mandamus is an inappropriate remedy because the petitioners do not claim title to the offices held by these respondents but that an information in the nature of quo warranto filed with the intervention of the Attorney General is the proper process, (3) that this petition for mandamus is an attempt to impeach the title to office collaterally, and (4) that the office of the respondents (board of examiners) is purely ministerial, and the petition discloses that there was no failure to elect either a county commissioner or associate county commissioners. The demurrers were sustained and an order was entered dismissing the petition as matter of law. Exceptions of the petitioners bring the case here.

The demurrers were rightly sustained. Mandamus does not lie at the instance of those joined as petitioners. One

of the purposes of the petition is to try title to public offices. A petition for a writ of mandamus is not the proper process to try title to a public office which a petitioner does not claim for himself. *Sevigny* v. *Russell*, 260 Mass. 294. The petitioners Donaldson and Jewett contend that they held over in office under G. L. (Ter. Ed.) c. 34, § 4, and c. 54, § 144, respectively, until successors are elected and qualified, and therefore that they are such claimants as could properly bring this petition. If these petitioners are regarded as claimants to office, who seek to have their right thereto determined in this proceeding, Jewett claims the office of the respondent Brennan, and Donaldson claims the office of Harley, but it is difficult to determine which petitioner claims the office of the respondent Rogers. As a petition to try title to an office, it must be brought by the claimant to that office. Unless Donaldson be regarded as claiming the offices of both Harley and Rogers, the petition must be considered as improperly brought against Rogers, and for that reason defective. If it be assumed that this difficulty is resolved in favor of the petitioners Donaldson and Jewett, they are not to be deemed claimants to office within cases which permit a writ of mandamus to be brought to try the title to office between rival claimants. Their successors have been declared elected and certificates of election have been issued to them by the board of examiners in the performance of the ministerial duties imposed by G. L. (Ter. Ed.) c. 54, § 122. *Clark* v. *Board of Examiners*, 126 Mass. 282. The issuance of certificates of election is *prima facie* evidence of right to office. *Prince* v. *Skillin*, 71 Maine, 361, 371. The orderly administration of government requires that such evidence of right to office be accepted until the issue is otherwise determined in some appropriate proceeding. A holdover in office has no such right or interest as would authorize him by an independent proceeding for mandamus to contest the result as thus declared. When an incumbent in public office is authorized to continue in office until a successor is elected and qualified, the object is to prevent a vacancy in the office and the suspension of official duty. The exten-

sion is for the public benefit, and not to confer on the incumbent the right to continue. It is not a part of the necessary tenure of his office. See *Opinion of the Justices*, 275 Mass. 575, 579. These petitioners have no such independent claim or title to office as will permit them to bring mandamus to try the title of those of the respondents certified to be their successors. The petitioners do not pray that their title to office be determined, but seek to have an election declared invalid, and to have certain of the respondents restrained from attempting to act as public officers. It was said of a somewhat similar situation in *Doherty* v. *Buchanan*, 173 Mass. 338, at page 340: "we know of no case where a writ [of mandamus] has been issued simply to command one to refrain from attempting to act as a public officer, which is the only purpose for which the writ is asked in the present case." Quo warranto is the proper proceeding to try the title of the respondents Brennan, Harley and Rogers to office. *Sevigny* v. *Russell*, 260 Mass. 294, 295.

Even if the petitioners Donaldson and Jewett, as holders in office with no independent claim of title, could separately bring petitions for writs of mandamus to try the title of their successors to office, their joinder in one petition is not proper. The rule is that persons having a common and joint interest in the controversy may be joined as petitioners, while those having separate and distinct interests may not be so joined, and that in case of misjoinder the proceedings should be dismissed. *Kimball* v. *Metropolitan District Commission*, 257 Mass. 55, 58. See cases cited in 87 Am. L. R. 528. Regarded as claimants to separate and distinct offices, these petitioners are improperly joined. *Rex* v. *Chester*, 5 Mod. 10.

The petitioners Wardwell, Bowditch, Hurd and Wanamaker cannot properly bring such a petition. As they have no claim to office, they have no right to try the title of Brennan, Harley and Rogers to office in this manner. *Sevigny* v. *Russell*, 260 Mass. 294. While, as citizens and voters and interested public officials, they have in proper circumstances a right to bring mandamus to procure the

enforcement of a public duty (*Brooks* v. *Secretary of the Commonwealth*, 257 Mass. 91), there is no such right in these petitioners to have the board of examiners commanded to declare an office vacant and to issue precepts for a new election. The board has performed the ministerial duties incumbent on it by the examination of the returns and the issuance of certificates of election to those who appear to be elected. *Clark* v. *Board of Examiners*, 126 Mass. 282. That is all that it is or could be required to do. If the persons to whom the certificates have been issued are not entitled to office, that must be determined in a direct proceeding. *Independent-Progressive Party* v. *Secretary of the Commonwealth*, 266 Mass. 18, 23. *Sevigny* v. *Russell*, 260 Mass. 294. The joinder of the several possible rights and interests of these parties in any view of the petition is improper. See *Kimball* v. *Metropolitan District Commission*, 257 Mass. 55, 58; *State* v. *Cornell*, 54 Neb. 158.

The orders sustaining the demurrer and dismissing the petition were right.

*Exceptions overruled.*