SYLVAN P. WESALO & others *vs.* COMMISSIONER OF INSURANCE.

Suffolk.    January 5, 6, 1938. — February 28, 1938.

Present: RUGG, C.J., DONAHUE, QUA, & COX, JJ.

*Pleading, Civil*, Petition for mandamus, Demurrer. *Mandamus.*

In a petition for a writ of mandamus to compel the commissioner of insurance to give the approval required by G. L. (Ter. Ed.) c. 175, § 49; c. 156, § 11, in the formation of an insurance corporation, an allegation that the petitioners had complied with all statutory requirements respecting its formation, and the use of epithets and expletives to characterize the respondent's conduct, but without a statement of supporting facts, required that a demurrer be sustained.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Suffolk on December 14, 1937.

The respondent's demurrer was sustained by *Dolan*, J., who reported the case to the full court upon the agreement of the parties that, if the ruling was right, the petition should be dismissed; otherwise the writ should issue.

*F. J. Roche*, for the petitioners.

*J. J. Ronan*, Assistant Attorney General, for the respondent.

RUGG, C.J. This is a petition for a writ of mandamus by eleven citizens of the Commonwealth. The case was heard by a single justice upon the petition, as amended, and special matter set up in the answer by way of demurrer. This special matter is that the petitioners set forth no case calling for relief, and that the petitioners allege no facts entitling them to the relief for which they pray. It was ordered that so much of the answer as is by way of demurrer be sustained, and the case was then reported for the consideration of the full court.

The allegations of the petition in substance are that the petitioners have associated themselves by a written agreement with the intention of forming a corporation under G. L. (Ter. Ed.) c. 156, and c. 175, §§ 48A and 49, and other pertinent sections, to be known as Aristos Mutual Liability Insurance Company, and that they have complied with every statutory requirement for the formation of such company as prescribed in G. L. (Ter. Ed.) c. 175 and statutes therein referred to. Pursuant to such compliance and in accordance with G. L. (Ter. Ed.) c. 175, § 49, and c. 156, § 11, the petitioners, on December 9, 1937, presented to the respondent the agreement of association, articles of organization, and the records and by-laws of the proposed company. Such records indicate that proper legal steps have been taken to form the proposed corporation. Such records have been examined by a deputy commissioner of insurance, counsel for the insurance department, and a designated agent of the respondent, and have been certified to the respondent as in accordance with the provisions and requirements of the General Laws. Since such submission of the records and by-laws, counsel for the petitioners has conferred frequently with the respondent, who, despite his verbal approval of the articles of organization, records and by-laws, has refused arbitrarily, unreasonably and unlawfully to certify and approve in writing said articles of organization and records of the corporation, and stated: "The incorporators are dummies who are not financially responsible and my approval of this corporation would be contrary to public policy." Such approval is necessary under the law

before the Secretary of the Commonwealth can issue a charter to the proposed corporation. The respondent has improperly and unlawfully refused to indorse his approval on the articles of organization submitted to him for signature as required by G. L. (Ter. Ed.) c. 156, § 11, and c. 175, § 49. The purposes of incorporation of the proposed company, as set forth in exhibits attached to the petition, are contained entirely in subdivisions (a), (b), (c) and (d) of cl. Sixth of § 47 of c. 175 of G. L. (Ter. Ed.). The proposed corporation would not be authorized to transact, and will not transact, the business described in cl. Sixteenth of § 47 of c. 175, "or the sixteenth and sixth clauses thereof." The petitioners finally allege that, having complied with all requirements of the law, they are entitled to certification and approval by the respondent of said articles of organization and records of the proposed corporation, in order to file the same in the office of the Secretary of the Commonwealth, and, on payment of the required statutory fee, to obtain a corporate charter "as a matter of right." The agreement of association stated that the proposed corporation "is constituted for the purpose to insure upon the mutual plan: (a) any person against bodily injury or death by accident, or (b) any person against legal liability for loss or damage on account of the bodily injury or death of any person or on account of any damage to property of another, or (c) against loss or damage to, or loss of use of, motor vehicles except motor boats, airplanes, seaplanes, dirigibles or other aircraft, their fittings and contents, whether such vehicles or aircraft are being operated or not, and wherever the same may be, resulting from collision or accident, except loss or damage by fire or lightning or while being transported in any conveyance by land or water; (d) to make insurance upon the health of individuals; and with a guaranty capital of twenty-five thousand (25,000) dollars, divided into 250 shares of $100. each, said shares being entitled to non-cumulative semi-annual dividends of three and one-half (3½) per cent if the net profits or unused premiums left after all expenses, losses and liabilities then incurred, with the reserve for re-insurance, are pro-

vided for, shall be sufficient to pay same as provided by Section 79 of Chapter 175 of the General Laws of this Commonwealth, and if such net profits or unused premiums determined as provided by said Section 79 of Chapter 175 of General Laws are not sufficient to pay such semi-annual dividends in full on any dividend date then the holder shall be entitled to receive on such dividend date such semi-annual dividend, if any, on his share as may be paid consistently with the requirements of said Section 79 of Chapter 175 of the General Laws."

The allegations of the petition that the petitioners have complied with every statutory requirement for the formation of such a corporation are too general and not adequately specific, and in the end are mere conclusions of law not admitted by the demurrer. Essential steps for the formation of a corporation such as is proposed are required by the statutes. The petition should set forth in detail those with which there has been compliance, so that there may be supporting facts beyond the bald allegations. *Shuman* v. *Gilbert,* 229 Mass. 225, 230. *Newton Rubber Works* v. *Graham,* 171 Mass. 352. *Marsch* v. *Southern New England Railroad,* 230 Mass. 483, 490, 494. *Aisenberg* v. *Royal Ins. Co. Ltd.* 266 Mass. 543. *Fleming* v. *Dane,* 298 Mass. 216, 218. *Hopper* v. *Covington,* 118 U. S. 148. *Isbrandtsen-Moller Co. Inc.* v. *United States,* 300 U. S. 139.

There are numerous expletives and epithets used to characterize the conduct of the respondent. No facts are set forth to support the employment of such terms. These add nothing to the substantive allegations of the petition. *Butler* v. *Directors of the Port of Boston,* 222 Mass. 5, 8. *Boston* v. *Treasurer & Receiver General,* 237 Mass. 403, 415. *Cosmopolitan Trust Co.* v. *S. L. Agoos Tanning Co.* 245 Mass. 69, 73. *Club Aluminum Co.* v. *Young,* 263 Mass. 223, 227. *Brest* v. *Commissioner of Insurance,* 270 Mass. 7, 12.

In accordance with the terms of the report agreed to by the parties, the

*Petition is dismissed.*