N. Seelye Hitchcock *vs.* Examiners for Hampshire County & others.

Hampshire.    November 2, 1937. — September 14, 1938.

Present: Donahue, Lummus, Qua, & Dolan, JJ.

*Board of Examiners.    Elections.*

The duties of a board of examiners are fixed by G. L. (Ter. Ed.) c. 54, § 122, and are ministerial only: in determining to whom to issue a certificate of election the board has no power to ascertain whether election officers or town clerks properly performed their duties respecting the election.

Petition, filed in the Supreme Judicial Court for the county of Hampshire on December 29, 1936, for a writ of mandamus.

A demurrer was sustained by *Field,* J., and the case reported to the full court.

The case was submitted on briefs.

*N. S. Hitchcock, pro se.*

*K. H. Hemenway, H. F. Wood & J. L. Burns,* for the respondent Bisbee.

Donahue, J.    This is a petition for a writ of mandamus. The petitioner was a candidate for election to the office of

county commissioner for the county of Hampshire at a State election. The respondents are a majority of the board of county commissioners of Hampshire County; Charles A. Bisbee, who was also a candidate for the office of county commissioner at the same election; and the judge and the register of the Probate Court and the clerk of courts of that county, who at the time of the election and of the filing of the petition constituted the board of examiners of the county (G. L. [Ter. Ed.] c. 54, § 122). The board of examiners issued to the respondent Bisbee a certificate of election to the office of county commissioner. The petitioner alleges that he, and not Bisbee, was duly elected county commissioner and that the board of examiners erred in not so declaring, and in not issuing to him a certificate of election to that office.

The petition contained prayers that the tabulations of the votes for county commissioner in the town of Cummington, in precinct B in the town of Williamsburg and in precinct A in the town of South Hadley, "be declared void and excluded in determining the result of the election"; that the board of examiners be ordered to recall its certificate of election issued to Bisbee and to issue a certificate of election to the petitioner; that the respondent county commissioners be ordered to recognize the petitioner as county commissioner; and that the respondent Bisbee refrain from "intruding himself as a county commissioner."

The case was heard by a single justice of this court on a demurrer filed by the respondent Bisbee. The single justice entered an order sustaining the demurrer, and reported the case to the full court at the request of the petitioner and on his agreement that, if the order was rightly entered, the petition should be dismissed.

The petition alleges in general terms the failure on the part of some of the election officers in precinct B of the town of Williamsburg and in precinct A of the town of South Hadley and of the clerks of those towns to perform their respective duties according to law. It also alleges in general terms that subsequent investigations disclosed irregularities and disregard of legal requirements in

the conduct of the town clerk and election officers of the town of Cummington. These general allegations, stating conclusions as to the conduct of the public officials referred to, without any specification of acts or of facts, do not provide material for a judicial determination. They are not admitted by the demurrer. *Boston* v. *Treasurer & Receiver General,* 237 Mass. 403, 415. *Berkwitz* v. *Dunham,* 269 Mass. 65. *Wesalo* v. *Commissioner of Insurance,* 299 Mass. 495, 498.

The only specific allegations in the petition with respect to the conduct of election officers or town clerks in any of the three towns mentioned in the petition refer to officers in the town of Cummington. The petition alleges that, there, "the presiding officer" at the counting of the votes, after the polls were closed on election day, announced that the respondent Bisbee had received two hundred sixty-nine and the petitioner two hundred sixty-five votes, and that on the following morning the town clerk made the same statement to the petitioner, but later in the day told other persons that one hundred sixty-five and not two hundred sixty-five votes were cast for the petitioner. The petition also alleges that unused ballots were not sealed and certified by a majority of the election officers as required by G. L. (Ter. Ed.) c. 54, § 107, and were taken away from the polling place by the town clerk.

After there had been a recount of the ballots cast for candidates for the office of county commissioner in the three voting precincts named in the petition, the board of examiners made a tabulation of the total number of votes cast in the county for each such candidate. This showed that the respondent Bisbee had received thirteen thousand, nine hundred fifty-five votes and the petitioner thirteen thousand, nine hundred sixteen. Thereupon the board issued to Bisbee a certificate of his election.

The only specific allegations in the petition, which are earlier herein recited, do not comprise matters which the members of the board of examiners could properly consider in the performance of their duties. Those duties are fixed by statute. G. L. (Ter. Ed.) c. 54, § 122. See also

§§ 112, 134. Their duties are merely ministerial. *Wardwell* v. *Leggat*, 291 Mass. 428, 430, 432, and cases cited. The statutory functions of the board are to "examine . . . copies" of the records of votes for county commissioners in each voting precinct in the county, to "determine what persons appear to be elected," to "issue certificates of election to them," to give notice to the State secretary of the name, residence, and number of votes received by each candidate in each city and town, with the name and term of office of every person so elected and to deposit said copies in the office of the clerk of courts. G. L. (Ter. Ed.) c. 54, § 122.

There is no allegation in the petition that the members of the board of examiners failed to perform the ministerial duties which the statute imposes. They could not be required to perform any other duties. *Wardwell* v. *Leggat*, 291 Mass. 428, 432. *Clark* v. *Examiners of Hampden County*, 126 Mass. 282, 284. The statute contemplates that the board shall "determine what persons appear to be elected" by an examination of the returns of votes cast for county commissioners in the various voting precincts of the county. *Luce* v. *Mayhew*, 13 Gray, 83. Its functions are not judicial and it is not empowered to take extrinsic evidence in reaching the conclusion to issue a certificate of election to a candidate. It was said of the duties of members of a board of examiners in *Clark* v. *Examiners of Hampden County*, 126 Mass. 282, 284: "If one result appears upon the returns, and another is the real truth of the case, they can only act upon the former."

Therefore, statements alleged to have been made by an election officer or the town clerk of Cummington, and the alleged fact that the statutory requirements as to unused ballots were not there followed, are matters of fact the truth of which the board of examiners was not authorized to determine. Its issuance of a certificate of election to a candidate must be based, not upon findings of fact as to the conduct of election officers but upon the records of votes cast for county commissioner in the various voting precincts of the county.

As there was no error on the part of the board of examiners in issuing a certificate of election to the respondent Bisbee, the order of the single justice sustaining the demurrer was rightly entered. In accordance with the terms of the report the petition must be dismissed.

*So ordered.*