GEORGE V. DOHERTY *vs.* COMMISSIONER OF INSURANCE
& others.

Suffolk. November 27, 1951. — November 30, 1951.

Present: QUA, C.J., LUMMUS, RONAN, & SPALDING, JJ.

*Insurance*, Classification of risks and establishment of premium charges, Motor vehicle liability insurance, Commissioner of insurance. *Constitutional Law*, Equal protection of laws. *Equity Pleading and Practice*, Bill.

In a petition under G. L. (Ter. Ed.) c. 175, § 113B, as amended, for review of an order by the commissioner of insurance establishing classifications of risks and premium charges for compulsory motor vehicle liability insurance, it is not enough to set forth general conclusions of invalidity of the order without specific allegations of the grounds thereof.

An order by the commissioner of insurance establishing classifications of risks and premium charges for compulsory motor vehicle liability insurance under G. L. (Ter. Ed.) c. 175, § 113B, as amended, was not invalid because not made until December.

The establishment by the commissioner of insurance of premium charges for compulsory motor vehicle liability insurance varying according to zones or districts, instead of fixing a flat rate throughout the Commonwealth, is not invalid under G. L. (Ter. Ed.) c. 175, § 113B, as amended by St. 1935, c. 459, § 4, nor unconstitutional.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on January 8, 1951.

Certain interlocutory decrees were entered by order of *Counihan*, J., and the final decree by order of *Williams*, J.

In this court the case was submitted on briefs.

*J. Finnegan*, for the petitioner.

*F. E. Kelly*, Attorney General, & *H. P. Fielding*, Assistant Attorney General, for the commissioner of insurance; and *R. A. Cutter*, for the interveners.

RONAN, J. This petition was brought under G. L. (Ter. Ed.) c. 175, § 113B, as amended by St. 1935, c. 459, § 4, to review an order of the respondent commissioner made on December 4, 1950, establishing classification of risks and rates to be charged as premiums by companies for the year 1951 in connection with compulsory motor vehicle liability insurance as defined by G. L. (Ter. Ed.) c. 90, § 34A, as amended. A demurrer filed by the commissioner and demurrers filed by two insurance companies that were allowed to intervene were sustained. The answer of these interveners setting up special matter in the nature of a plea was sustained by the single justice. The petitioner appealed from decrees entered on these interlocutory matters and from a final decree dismissing the petition.

All the material and substantial allegations of the petition may be briefly stated. It is alleged that the Legislature in enacting § 113B did not intend that the rates for compulsory automobile liability policies should be different for different districts or zones; that the order of the commissioner dividing the Commonwealth into zones and establishing rates for each zone was discriminatory and violative of the Fourteenth Amendment to the Constitution of the United States and of arts. 1, 10, and 11 of the Declaration of Rights of the Constitution of this Commonwealth; that the commissioner failed to establish just, reasonable, and nondiscriminatory rates for 1951 before September 15, 1950; that it is mathematically impossible to establish adequate, fair, and reasonable rates based upon zones; and that the order fixing the "expense loading" portion of the rates on a zone

basis is contrary to the provisions of Federal and State Constitutions above mentioned and also "the provisions of G. L. c. 175 and 113B, and St. 1935, c. 459." The specific prayers of the petition are for injunctive relief against the enforcement of the order of December 4, 1950, and for an order to compel the commissioner to promulgate a flat rate for compulsory automobile insurance policies and bonds throughout the Commonwealth.

This summary of the contents of the petition demonstrates that it consists of nothing more than a series of general and broad conclusions, unsupported by any definite and specific averments of facts. It does not attack any subsidiary finding of the commissioner or any particular ruling of law made by him. It was said of a similar petition for review that "These words [of § 113B as then appearing in St. 1929, c. 166] do not mean that by simple petition without more parties are entitled to ask the court to review the whole field covered by the commissioner and make its own finding," and also that "The petition must contain allegations setting out with certainty, brevity and adequate degree of particularity the grounds upon which relief is sought." *Brest* v. *Commissioner of Insurance*, 270 Mass. 7, 12. It was said in *Hitchcock* v. *Examiners for Hampshire County*, 301 Mass. 170, 172, "These general allegations, stating conclusions as to the conduct of the public officials referred to, without any specification of acts or of facts, do not provide material for a judicial determination. They are not admitted by the demurrer." See also *Wesalo* v. *Commissioner of Insurance*, 299 Mass. 495, 498; *Comerford* v. *Meier*, 302 Mass. 398, 404; *Houghton* v. *School Committee of Somerville*, 306 Mass. 542, 547; *Robichaud* v. *Owens-Illinois Glass Co.* 313 Mass. 583, 586.

The fact that § 113B provides that the commissioner shall annually on or before September 15 fix and establish fair and reasonable classifications of risks and just and nondiscriminatory premium charges does not render invalid the classification and rates which in the instant case were not established until December 4, 1950. *Liberty Mutual*

*Ins. Co.* v. *Acting Commissioner of Insurance,* 265 Mass. 23, 28–29.

The principal object sought by the present petition is to obtain a decision that the commissioner had no authority to establish rates for premium charges for compulsory motor vehicle liability insurance based upon a zoning system in which he divided the Commonwealth into different districts or zones and established a rate for each zone for automobiles where they were principally garaged. All the bald allegations contained in the present petition attacking this method of determining the rates by zones were considered and decided adversely to the petitioner in *Brest* v. *Commissioner of Insurance,* 270 Mass. 7. We see no reason to doubt the soundness of that decision. The first paragraph of § 113B providing for the establishment of rates for compulsory insurance as defined in G. L. (Ter. Ed.) c. 90, § 34A, is in the identical language now as it was when the judgment was rendered in the *Brest* case, although its scope was limited by the amendment to § 34A by St. 1935, c. 459, § 2, removing guest coverage from compulsory motor vehicle liability insurance. This resulted in merely adding a second paragraph to § 113B providing for the establishing of premium charges for insurance for guests. St. 1935, c. 459, § 4. The Legislature must be assumed to have been familiar with the *Brest* decision, *Proprietors of the Cemetery of Mount Auburn* v. *Unemployment Compensation Commission,* 301 Mass. 211, 213, *Richards* v. *Treasurer & Receiver General,* 319 Mass. 672; and leaving unchanged the first paragraph of § 113B and adding a new paragraph to this section dealing with the establishment of rates for guest coverage furnish persuasive evidence of an intent that the existing provision governing the classification of risks and the fixing of premium charges for compulsory insurance policies should continue unaffected. *Commonwealth* v. *King,* 202 Mass. 379, 388. Guest coverage is not mentioned in the petition and is not here involved.

The interlocutory decrees are affirmed, and the final decree is affirmed with costs.                           *So ordered.*