THE MASSACHUSETTS SOCIETY OF GRADUATE PHYSICAL THERAPISTS, INC. & others *vs.* BOARD OF REGISTRATION IN MEDICINE.

Suffolk.    October 8, 1953. — December 7, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Physical Therapy. Mandamus. Practice, Civil,* Parties, Amendment. *Words,* "Shall."

One who was a member of the Massachusetts Society of Graduate Physical Therapists on November 28, 1951, the effective date of St. 1951, c. 656, and who applied to the board of registration in medicine for registration as a physical therapist on or before March 1, 1952, was entitled to such registration as a matter of right under § 2 of c. 656, irrespective of his eligibility therefor under §§ 23A–23P, inserted in G. L. (Ter. Ed.) c. 112 by § 1 of c. 656.   [603]

One satisfying the requirements of St. 1951, c. 656, § 2, for registration as a physical therapist by the board of registration in medicine was not disqualified for such registration and could not properly be refused it on the ground that he had become a member of the Massachusetts Society of Graduate Physical Therapists "merely to take advantage of the law to become automatically registered," or that he resided outside the Commonwealth, or that he had not graduated from a school of physical therapy, or that his license to practise medicine had been revoked by the board for fraud in the procurement of his medical degree, or that he had "insufficient experience" as a physical therapist, or that his $5 registration fee had not been tendered with his application for registration nor until after March 1, 1952.   [604–605]

Refusal of relief by mandamus to a petitioner showing an absolute right to the action sought to be compelled and having no other effective

remedy was arbitrary and not justified "as a matter of . . . discretion." [605–606]

A corporation was not a proper party to maintain a class mandamus proceeding brought by it solely in a representative capacity to enforce private rights of certain of its members not themselves parties; but where it appeared after full trial that each· of such members was entitled to relief they should be permitted to become parties petitioner by amendment. [606–607]

Persons who, under St. 1951, c. 656, § 2, were entitled to registration as physical therapists by the board of registration in medicine on the basis of their membership in the Massachusetts Society of Graduate Physical Therapists on the effective date of the statute and their seasonable application for such registration had sufficient community of interest to join as petitioners in one mandamus proceeding to compel their registrations. [607]

PETITION for a writ of mandamus, filed in the Superior Court on November 24, 1952.

The case was heard by *Forte, J.*

*William C. Ellis, (James M. Ellis* with him,) for the petitioners.

*George Fingold,* Attorney General, *& Fred W. Fisher,* Assistant Attorney General, for the respondent, submitted a brief.

SPALDING, J. This case arises from a petition for a writ of mandamus brought by The Massachusetts Society of Graduate Physical Therapists, Inc. (hereinafter called the society), and two of its members, Warren J. Bailey and Anna T. Curran. The respondents are the members of the board of registration in medicine, hereinafter sometimes called the board. The object of the petition is to compel the board to issue a certificate of registration to practise physical therapy to certain members of the society who have complied with St. 1951, c. 656, § 2.

The judge ordered the writ to issue with respect to eighty-two members of the society, including the two individual petitioners, Bailey and Curran. As to others, for various reasons that will presently appear, he denied relief and reported the case to this court upon the pleadings, the evidence,[1] findings of fact and rulings of law.

---

[1] No evidence is contained in the report.

Chapter 112 of the General Laws (Ter. Ed.) was amended by St. 1951, c. 656, § 1, by inserting §§ 23A to 23P, under the caption Registration of Physical Therapists. Under these provisions a person who desires to represent himself as a registered physical therapist must register with the board of registration in medicine. To be registered one must satisfy the eligibility requirements contained in § 23C and pass an examination conducted by the board. See also §§ 23D and 23H. Unregistered persons who represent that they are registered physical therapists are subject to a fine. Section 2 of c. 656 reads: "Notwithstanding the provisions of sections twenty-three A to twenty-three P [which include the sections relating to eligibility requirements] of chapter one hundred and twelve of the General Laws, inserted by section one of this act, the board of registration in medicine *shall* register as a physical therapist any person who applies for such registration on or before March first, nineteen hundred and fifty-two, who on the effective date of this act is a member of . . . the Massachusetts Society of Graduate Physical Therapists . . . . Such applicant shall pay the board a fee of five dollars and shall be entitled to a certificate of registration" (emphasis supplied).

It is plain from the quoted provisions of the statute that the eligibility requirements contained in §§ 23A to 23P were not applicable to one who was a member of the society on November 28, 1951, the effective date of the act, provided he applied for registration on or before March 1, 1952. It will be noted that "shall," a word of command, is used in the statute. *Elmer* v. *Commissioner of Insurance*, 304 Mass. 194, 196. An applicant who satisfies the requirements of § 2 is entitled to registration as a matter of right. No discretion with respect to registering such persons is lodged in the board. Evidently the Legislature thought that the integrity and standards of the society were such as to justify exempting its members from satisfying the requirements contained in §§ 23A to 23P. It is not open either to the board or to the courts to override this policy.

With this construction of the statute in mind we turn to

the findings and rulings of the judge. By the terms of the report we are concerned only with situations in which the writ was refused. All of the applicants hereinafter discussed became members of the society before the effective date of the statute and applied for registration prior to March 1, 1952. All were refused registration by the board.

1. With respect to one group consisting of forty-four members of the society, the judge found that they had become members on or after November 1, 1951, and that their purpose in joining the society was "merely to take advantage of the law to become automatically registered." It was error to deny relief on this ground. The statute does not impose any such limitation on the right to registration. As stated above, the only limitations were membership in the society prior to the effective date of the statute coupled with an application on or before March 1, 1952, both of which were satisfied here. In so providing the Legislature must have contemplated that there would be persons who might join the society during the period between the enactment of the statute and its effective date.

2. Five members of the society were denied relief because it was found that they resided outside the Commonwealth. But the act does not make residence in the Commonwealth a prerequisite to registration. These applicants were entitled to be registered.

3. As to six members it was found that they had not graduated from a school of physical therapy and for that reason they were deemed ineligible for registration. This was error. While one seeking to be registered under §§ 23A to 23P must be a graduate of an approved school of physical therapy, that is not required of applicants who come within § 2.

4. The writ was refused to one member because it was found that his license to practise medicine had been revoked by the board on the ground of fraud in the procurement of his medical degree. Doubtless the Legislature could have made conduct of this sort a ground for refusing registration. And it would seem that one applying for registration under

§§ 23A to 23P might be turned down for such conduct.[1] But these sections, as we have seen, do not apply here.

5. Relief was denied to ten members because, as the judge found, they had "insufficient experience as physical therapists." The statute does not set out any standard of experience as a requirement for those coming within § 2. These members, therefore, were entitled to be registered.

6. It was ruled that one member was not entitled to the writ because, although her application for registration was made prior to March 1, 1952, the registration fee was not tendered until after that date. This was error. Section 2 provides for a registration fee of $5. A registration fee of $25 is required by § 23B. But the wording of § 23B differs materially from the provision in § 2. The former provides specifically that the fee must be paid "at the time of filing" the application. And a similar provision is contained in § 23D which deals with applicants registered in another State. Section 2, however, states that the "applicant shall pay the board a fee of five dollars and shall be entitled to a certificate of registration." The difference in language is significant. Section 2 cannot fairly be read as requiring payment of the fee at the time of application in order to make the application effective.

In holding that the judge erred in denying relief in the six situations just discussed we have not overlooked the fact that he did so "as a matter of law and discretion." It has often been said that the issuance of the writ of mandamus is discretionary. But it has also been recognized that the discretion cannot be arbitrarily exercised and that "the writ ought not to be refused if the petitioner shows an absolute right and is without other remedy, and where no reason exists for refusing the writ. To deny the writ in such a case is to quarrel with the policy of the law which creates the right." *Elmer* v. *Commissioner of Insurance*, 304 Mass. 194, 199. *St. Luke's Church in Chelsea* v. *Slack*, 7 Cush. 226,

[1] See § 23C (b) which provides that the applicant must be of "good moral character," and § 23H (c) which provides that registration may be refused to one who is "guilty of, in the judgment of the board, immoral or unprofessional conduct."

239.   *Mengel* v. *Justices of the Superior Court,* 313 Mass. 238, 244.   *Attorney General* v. *Bureau of Old Age Assistance of Cambridge,* 324 Mass. 63, 65.   Within these principles the judge was not justified in refusing the writ on discretionary grounds.   The members of the society in the situations discussed above made out a case for registration under the statute, and mandamus would appear to be the only effective remedy available to them.   Refusal of the writ in these circumstances would be arbitrary.

Although not raised by the parties, there is a point of practice which must be noticed.   As stated above there are three petitioners here, the society and two of its members, Bailey and Curran, both of whom were granted relief in the court below.   The society is a corporation and is not seeking to vindicate any rights of its own.   Rather it is attempting, in a representative capacity, to enforce rights of its members, unnamed in the petition, but named in the order for judgment.   There are instances where class suits may be maintained on the equity side of the court.   See *Spear* v. *H. V. Greene Co.* 246 Mass. 259, 266–267; *Pickett* v. *Walsh,* 192 Mass. 572, 590; *Donahue* v. *Kenney,* 327 Mass. 409; *Thorn* v. *Foy,* 328 Mass. 337, 338.   A petition for mandamus, however, is a proceeding on the law side and we have found no support in our decisions for the proposition that a corporation may bring a class petition for mandamus for the vindication of the rights of its members.   The situation in the case at bar is readily distinguishable from that in which a private citizen has standing by reason of his citizenship to bring mandamus proceedings to enforce a public duty of interest to citizens generally.   *Brooks* v. *Secretary of the Commonwealth,* 257 Mass. 91, 92–93.   *Sears* v. *Treasurer & Receiver General,* 327 Mass. 310, 315.   Hence we are of opinion that the society was not a proper party.   The two individual petitioners, as we have stated, have been granted relief and under the terms of the report the rulings affecting them are not before us.   We have, then, a situation in which all the rulings which the report purports to bring here affect persons who are not parties to the proceeding.   This pre-

sents the question whether they should be permitted to become parties petitioner by amendment. We are of opinion that they should be. The issues have been fully tried as to each individual and they ought not to be obliged to relitigate them.

There appears to be little precedent in our decisions touching the subject of who may join as petitioners in mandamus proceedings. It was held in *Kimball* v. *Metropolitan District Commission*, 257 Mass. 55, that it was improper to join several owners of land abutting on a parkway who were seeking to enforce their alleged rights of access, since one petitioner was said to have no interest in the wrong of which others complained and they had no interest in his. And in *Wardwell* v. *Leggat*, 291 Mass. 428, it was held that it was improper for two persons trying the titles to separate offices to join in a petition for mandamus.

The present case, we think, is distinguishable, for it has already been determined that all of those named in the order for judgment were entitled to registration after due application solely on the common basis of membership in the society. The community of interest lacking in the cases just discussed is present here. The case at bar falls within the authority of *Moustakis* v. *Hellenic Orthodox Society*, 261 Mass. 462. In that case expelled members of a religious organization who had been named in the mandamus petition, but not as petitioners, were allowed to add their names as petitioners by amendment where it was held that a representative proceeding could not properly be brought on their behalf by other members of the organization.

If, within thirty days from the date of the rescript, the persons named in the order for judgment who were denied relief, or any of them, ask to be allowed to be substituted for the society as parties petitioner by an appropriate amendment, then such amendment may be allowed and a writ may issue commanding the respondent board to register them as physical therapists. G. L. (Ter. Ed.) c. 231, §§ 51, 125. Otherwise, the petition is to be dismissed.       *So ordered.*