JAMES CONSTRUCTION COMPANY, INC. & another *vs.* COMMISSIONER OF PUBLIC HEALTH & others.

Suffolk. April 2, 1957. — May 31, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & CUTTER, JJ.

*Equity Pleading and Practice*, Declaratory proceeding, Appeal, Judicial discretion. *Public Works. Contract*, Bidding for contract.

An appeal from the final decree in a suit in equity for declaratory relief brought to this court the question of discretion whether such relief should be granted. [146]

It was proper as a matter of discretion to dismiss the bill in a suit in equity, heard on demurrer to the bill, for a declaratory decree as to

the validity of an award of a general contract for public construction work subject to G. L. (Ter. Ed.) c. 149, §§ 44A–44C, as appearing in St. 1954, c. 645, where, although the bill contained allegations of facts affecting the validity of a plumbing subbid submitted by the successful general bidder, it was also alleged that all plumbing subbids had been rejected by the awarding authority and there was nothing in the bill to show noncompliance by the awarding authority with the procedure provided in § 44C (E), and where a conclusion stated in the bill that the plaintiff, rather than the successful general bidder, was the "lowest, responsible and eligible bidder" was not supported by any allegations of facts.   [146]

BILL IN EQUITY, filed in the Superior Court on March 19, 1956.

Interlocutory decrees sustaining demurrers to the bill were entered by *Goldberg, J.*

*Vincent M. Banks,* (*Daniel J. Ryan* with him,) for the plaintiffs.

*Joseph H. Elcock, Jr.,* Assistant Attorney General, for the commissioner of public health.

*Lester S. Cramer,* (*Bernard Kaplan* with him,) for the defendant R. Zoppo Co., Inc.

SPALDING, J.   This is a bill for a declaratory decree and other relief involving the legality of a general contract awarded by the department of public health for the construction of a sewage treatment plant in Southbridge.   Demurrers by the defendants commissioner of public health and R. Zoppo Co., Inc., were sustained by the court below, and a final decree was entered dismissing the bill as to these defendants.[1]   The plaintiffs appealed.

The averments of the bill, as amended, may be summarized as follows: The department of public health invited sealed bids for the construction of a sewage treatment plant in Southbridge.   According to the notice to contractors, all bids for the project were subject to the provisions of G. L. (Ter. Ed.) c. 149, §§ 44A–44E (see St. 1939, c. 480; St. 1954, c. 645).   The plaintiff James Construction Company, Inc. (hereinafter called James), and the defendant R. Zoppo Co., Inc. (hereinafter called Zoppo), each submitted a bid

---

[1] Ernest A. Johnson, commissioner of labor and industries, was also named as a defendant, but he did not demur and the bill was not dismissed as to him.

for the general contract. At the public opening of the general bids on March 7, 1956, the department of public health found the Zoppo bid to be the lowest and the James bid to be the second lowest. The Zoppo bid included as part of item 2 (see St. 1954, c. 645, § 3) a subbid in its own name for the plumbing and outside piping work. Zoppo is not a licensed master plumber under the laws of the Commonwealth, is not qualified to engage in the plumbing business, and is unable to obtain union labor to perform plumbing work. Zoppo in submitting its subbid did not use the proper bid form required by law. The James bid included as part of item 2 a subbid for plumbing and outside piping, in the name of the plaintiff James F. McGlame, Junior, hereinafter called McGlame. By letter dated March 15, 1956, the department advised McGlame that all the subbids for the plumbing and outside piping work had been rejected. The general contract for the project has been awarded to Zoppo, whereas in fact James was the lowest responsible bidder.

After alleging the foregoing, the bill states that an actual controversy exists involving the validity of both the subbid and the general bid submitted by Zoppo. The bill asks that the Zoppo general bid be declared invalid, that the award of the general contract to Zoppo be quashed, and that James be declared the lowest responsible and eligible bidder for the general contract.

"Ordinarily a demurrer cannot properly be sustained to a bill for a declaratory decree on the ground that the court does not agree with the proposition for which the plaintiff contends. Usually a declaratory decree should be made in any event." *County of Dukes County* v. *New Bedford, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority*, 333 Mass. 405, 406. Cases may arise where the plaintiff has failed to state a case presenting a controversy proper for determination under the declaratory procedure and in such a case there is no reason why a demurrer may not be sustained. *Brown* v. *Neelon*, 335 Mass. 357, 360–361. How-

ever, it is not necessary for us to decide whether as a technical matter the demurrers here should have been sustained. The appeal from the final decree brought here the question of discretion whether a declaratory decree ought to be entered. *County of Dukes County* v. *New Bedford, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority, supra,* at page 407. G. L. (Ter. Ed.) c. 231A, § 3. For reasons to be stated hereinafter the bill was correctly dismissed.

The bill does not contain sufficient allegations that the provisions of G. L. (Ter. Ed.) c. 149, §§ 44A–44E, governing the award of contracts for public buildings, were not observed by the awarding authorities. To be sure, the bill does allege certain facts purporting to affect the validity of the subbid of Zoppo for the plumbing and outside piping work. But it also appears from the bill that all the subbids for this work were rejected. The statute (§ 44C [E]) provides: "The awarding authority shall reserve the right to reject all subbids on any item or items, if it is determined that none of such bids represents the bid of a person or firm competent to perform the work as specified, or that only one such bid was received and that the price is not reasonable for acceptance without competition. If a rejection of a sub-bid occurs, new bids shall be requested on such item or items as may have been rejected . . .." Thus, for the reasons mentioned in the statute, the department of public health may properly have rejected all the subbids for the plumbing and outside piping work and sought new bids in accordance with the statute. Since the actions of public officials are presumed to be regular and lawful, we must assume, in the absence of any allegation to the contrary, that the awarding authority followed the procedure prescribed by the Legislature. *Comerford* v. *Meier,* 302 Mass. 398, 403. The general allegation stating the conclusion that James rather than Zoppo "was in fact the lowest, responsible and eligible bidder," without any specification of facts in support thereof, does not provide material for a judicial determination. See *Hitchcock* v. *Examiners for Hampshire County,* 301 Mass. 170, 172; *Doherty* v. *Commissioner of Insurance,* 328 Mass. 161, 163.

We do not intend to imply that all the facts alleged in the bill purporting to affect the validity of the subbid of Zoppo would present issues appropriate for judicial determination. Some of the facts alleged, such as those relating to Zoppo's qualifications to do plumbing work, seem to be directed at questions the disposition of which is reserved by the statute to the awarding authority. See *Capuano, Inc.* v. *School Building Committee of Wilbraham,* 330 Mass. 494, 496. This question and the question whether a sewage treatment plant is a "public building" within the meaning of G. L. (Ter. Ed.) c. 149, §§ 44A–44E, are questions which, in the view we take of the case, need not be decided.

> *Appeals from interlocutory decrees dismissed.*
> *Final decree affirmed with costs of this appeal.*